**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

ANTHONY FIELDS,

    Petitioner,

v.

J.V. FLOURNOY,

    Respondent.

CIVIL ACTION NO.: 2:16-cv-109

## **ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Anthony Fields ("Fields"), who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Respondent filed a Response. (Doc. 7.) For the reasons which follow, I **RECOMMEND** that the Court **DISMISS as moot** Fields' Petition, **DIRECT** the Clerk of Court to **CLOSE** this case, and **DENY** Fields *in forma pauperis* status on appeal.

## **BACKGROUND**

Fields was convicted in the Northern District of Texas of: possession of a controlled substance with intent to distribute, in violation of 21 U.S.C. § 841(a)(1); carrying a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c); and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Fields was sentenced to 300 months' imprisonment. (Doc. 7-1, p. 2.) He has a projected release date of August 20, 2026, via good conduct time release. (Id. at p. 3.)

On June 14, 2015, officials at the Federal Correctional Institution in Fort Worth, Texas, charged Fields with aiding in the assault of another inmate, in contravention of Bureau of

Prisons' ("BOP") disciplinary rules. (Doc. 1, p. 1; Doc. 7-2, p. 3.) Officials conducted a disciplinary hearing against Fields on this charged offense on July 29, 2015. (Id.) As a result of this hearing, Fields was sanctioned with disciplinary segregation for thirty (30) days, loss of commissary, phone, visitation, and e-mail privileges, and the disallowance of forty-one (41) days' good conduct time credit. (Doc. 1, pp. 1–2.) Fields filed this Petition on July 15, 2016, contesting the loss of his good conduct time credit. (Id. at p. 5.)

Respondent asserts that Fields' Petition is now moot. (Doc. 7.) Specifically, Respondent states Fields received a rehearing on the incident report on August 25, 2016, and, as a result of this rehearing, he was found not to have committed the charged act. The incident report was expunged from Fields' record, and the good conduct time credits that were disallowed after the first hearing were reinstated and credited to his time served. (Id. at p. 4.)

## DISCUSSION

**I.     Whether Fields' Petition is Moot**

Article III of the Constitution "extends the jurisdiction of federal courts to only 'Cases' and 'Controversies.'" Strickland v. Alexander, 772 F.3d 876, 882 (11th Cir. 2014). This "case-or-controversy restriction imposes" what is "generally referred to as 'justiciability' limitations." Id. There are "three strands of justiciability doctrine—standing, ripeness, and mootness—that go to the heart of the Article III case or controversy requirement." Harrell v. The Fla. Bar, 608 F.3d 1241, 1247 (11th Cir. 2010) (internal quotation marks and alterations omitted). With regard to the mootness strand, the United States Supreme Court has made clear that "a federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992) (internal citation omitted).

Accordingly, "[a]n issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." Friends of Everglades v. S. Fla. Water Mgmt. Dist., 570 F.3d 1210, 1216 (11th Cir. 2009) (internal quotation marks omitted). Questions of justiciability are not answered "simply by looking to the state of affairs at the time the suit was filed. Rather, the Supreme Court has made clear that the controversy 'must be extant at all stages of review, not merely at the time the complaint is filed.'" Christian Coal. of Fla., Inc. v. United States, 662 F.3d 1182, 1189–90 (11th Cir. 2011) (quoting Preiser v. Newkirk, 422 U.S. 395, 401 (1975)).

As noted above, Respondent maintains that Fields had a rehearing on the incident report, and the BOP expunged the incident report from Fields' record and restored all lost and forfeited good conduct time credit arising from the initial incident report. (Doc. 7, p. 4.) As Fields only contests the incident report and resulting disallowance of good conduct time credit in his Petition, there is no longer a "live controversy" over which the Court can give meaningful relief.[1] Friends of Everglades, 570 F.3d at 1216. Accordingly, the Court should **DISMISS as moot** Fields' Petition for Writ of Habeas Corpus.

## II.    Leave to Appeal *in Forma Pauperis*

The Court should also deny Fields leave to appeal *in forma pauperis*. Though Fields has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed"). An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is

---

[1] Fields also seeks to be returned to the region of his conviction. (Doc. 1, p. 5.) However, an inmate's placement in a particular federal penal institution is solely within the BOP's discretion. 18 U.S.C. § 3621(b). Additionally, a prisoner has no constitutional right to select a particular correctional facility for his placement or to be transferred to a different facility upon request. See Olim v. Wakinekona, 461 U.S. 238, 245–47 (1983); Meachum v. Fano, 427 U.S. 215, 223–25 (1976).

3

not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous, and thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Given the above analysis of Fields' Petition and Respondent's Response, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **DISMISS as moot** Fields' Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, (doc. 1), **DIRECT** the Clerk of Court to **CLOSE** this case, and **DENY** Fields leave to proceed *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be

4

served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the parties.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 9th day of August, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA